# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**MICHAEL BOYD** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:09-CR-192 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is unemployed and has had no stable residence in the Kalamazoo area for the past two years, although this was the community in which he was born. He has been diagnosed with anti-social personality and depression disorders and has not received follow-up services or medications. He has smoked marijuana up to 5 times per week for the past 14 years.

Since he was convicted of armed robbery as a juvenile, defendant has established (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure the appearance of defendant at future court proceedings, based upon the unrebutted presumption and, in the alternative if the presumption was not in place, based on his previous failures to appear, his fleeing from police, and the avoidance of an arrest warrant for the past year and a half. The question is not whether defendant will flee the area, but whether he will appear at court, which he has (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 4, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

a notable criminal record involving the use of drugs and driving offenses. The record indicates that he has failed to appear in court on five different occasions and committed one offense while on parole. He has also been convicted of fleeing a police officer 3rd degree, which is considered a violent offense under Sixth Circuit law.

There has been an outstanding arrest warrant for him since July of 2009. Defendant has also apparently been arrested 3 times for failing to pay child support apparently.

**Part II - Written Statement of Reasons for Detention** - (continued)

repeatedly failed to do in. While it is true that he has family support in the area, this fact alone does not rebut the presumption since it does not appear to have been a strong inhibitor on his wrongful conduct in the past.